```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA              :

      - against -              :    **MEMORANDUM DECISION**

TONGSUN PARK,                         :    S4 05 Cr. 59 (DC)

          Defendant.                :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**    MICHAEL J. GARCIA, Esq.
                    United States Attorney for the
                      Southern District of New York
                        By:  Edward C. O'Callaghan, Esq.
                            Michael Farbiarz, Esq.
                            Katherine A. Lemire, Esq.
                            Assistant United States Attorneys
                  One Saint Andrew's Plaza
                  New York, New York  10007

                  KOBRE & KIM LLP
                  Attorneys for Defendant
                        By:  Michael S. Kim, Esq.
                            Leif T. Simonson, Esq.
                  800 Third Avenue
                  New York, New York  10022

**CHIN, D.J.**

        On July 13, 2006, defendant Tongsun Park was convicted by a jury of conspiring to violate federal law. The evidence showed, and the jury found, that Park and at least one other individual had acted in the United States as agents of the Government of Iraq, without prior notification to the Attorney General. The evidence also showed that Park was paid more than $2.5 million -- much of it in $100 bills -- by the Iraqi government for his efforts.

        After the guilty verdict, Park and the Government entered into a sentencing agreement. They stipulated to a

Sentencing Guidelines calculation of an offense level of 25, a criminal history category of I, and a sentencing range of 57 to 60 months. Park agreed to waive his right to appeal. Park also agreed to cooperate with the Government in the investigation of others, and the Government agreed that if Park complied with his obligations under the agreement, it would move, within one year of sentencing, for a reduction of Park's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

I sentenced Park on February 22, 2007. I accepted the parties' Guidelines calculation. I sentenced Park to a term of imprisonment of 60 months (the statutory maximum), a term of supervised release of three years, a fine of $15,000, and a special assessment of $100. I also imposed a forfeiture order of $1.2 million.

On January 24, 2008, the Government moved, pursuant to Rule 35(b)(1), for the Court to resentence Park. In his counsel's submission dated January 29, 2008, Park asked for a sentence of time served. As Park had served only approximately 25 months, a sentence of time served would have meant a substantial reduction from his original 60-month sentence. In making this request, Park relied in part on factors unrelated to his assistance to the Government, including factors set forth in 18 U.S.C. § 3553(a). In particular, Park argued for leniency because of his "advancing age" and "serious medical condition," and he contended that his health had deteriorated during his 25 months in prison.

The parties appeared on February 1, 2008 for Park to be resentenced. Park again relied on factors unrelated to his cooperation. The Government objected, arguing that in considering the Rule 35(b) motion, the Court could reduce Park's sentence only on the basis of his substantial assistance. The Government argued that factors such as Park's advancing age and deteriorating health could not be considered by the Court in determining the extent of any reduction in sentence.

I adjourned the sentencing and asked the parties to submit letters addressing the issue of whether, in considering a Rule 35(b)(1) motion, a court may consider factors other than a defendant's substantial assistance in deciding how much to reduce the defendant's sentence. The parties submitted additional letters. The Government argued that while a court may consider factors other than substantial assistance in <u>denying</u> a Rule 35(b) motion, a court may not reduce a sentence based on any factors other than a defendant's substantial assistance to the Government.

The parties appeared before me again on February 7, 2008. Ruling from the bench, I rejected the Government's construction of Rule 35. I then resentenced Park, to 37 months, based both on his substantial assistance to the Government and all the factors set forth in § 3553(a).

I issue this decision now to explain my reasoning and because there do not appear to be any published decisions in this Circuit addressing the issue of whether, in granting a Rule

35(b)(1) motion, a district court may consider factors other than a defendant's efforts to assist the Government.

**DISCUSSION**

**A.  Rule 35(b)(1)**

As amended effective December 1, 2007, Rule 35(b)(1) of the Federal Rules of Criminal Procedure provides:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

Fed. R. Crim. P. 35(b)(1).

Prior to the amendment, Rule 35(b)(1) included a requirement that any reduction would have to be in "accord[] with the Sentencing Commission's guidelines and policy statements." The 2007 amendment eliminated this language.[1] The Advisory Committee Notes to the 2007 revision explain the purpose of the amendment:

---

[1]  The old Rule 35(b)(1) read in its entirety as follows:

> Upon the government's motion made within one year after sentencing, the court may reduce a sentence if:
>
>   (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>
>   (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

The 2007 amendment eliminated the underscored portions.

- 4 -

> The amendment conforms Rule 35(b)(1) to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). In Booker the Court held that the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), violates the Sixth Amendment right to jury trial. With this provision severed and excised, the Court held, the Sentencing Reform Act "makes the Guidelines effectively advisory," and requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp. 2004)." Id. at 245-46. Subdivision (b)(1)(B) has been deleted because it treats the guidelines as mandatory.

Fed. R. Crim. P. 35 advisory committee's notes (2007 amendments).

**B. Analysis**

In deciding a Rule 35(b) motion, a court must engage in a two-step analysis: first, the court must decide whether to grant the motion by determining whether the defendant has provided substantial assistance to the Government; and second, if the motion is granted, the court must then decide the extent to which the defendant's sentence should be reduced.

As to the first step, I agree with the Government that, in granting a Rule 35(b) motion, a court may consider only a defendant's efforts to provide assistance to the Government. The wording of Rule 35(b)(1) is clear: "the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance." Fed. R. Crim P. 35(b)(1) (emphasis added). If the defendant has not provided "substantial assistance," the court may not grant the motion because of other factors, such as age or

health or family circumstances.  The "substantial assistance" is the only event that can trigger the court's authority to reduce the sentence.

As to the second step, however, I conclude that the court may consider factors other than substantial assistance in determining the extent of the reduction, including, inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  I reach this conclusion for the following reasons:

First, § 3553(a) is mandatory.  It provides that "[t]he court, in determining the particular sentence to be imposed, shall consider" the statutory factors, without providing any exception for resentencings under Rule 35(b).  18 U.S.C. § 3553(a) (emphasis added).

Second, the plain wording of Rule 35(b)(1) does not preclude considering other factors.  It provides that "the court may reduce a sentence if the defendant . . . provided substantial assistance."  It does not say that any reduction may be based only on a defendant's substantial assistance.  It does not limit the factors that a court may consider in exercising its discretion to reduce a sentence under Rule 35(b).  See United States v. Manella, 86 F.3d 201, 204-05 (11th Cir. 1996).

Third, while the 2007 amendment to Rule 35(b)(1) is hardly dispositive, the Advisory Committee Notes support the conclusion that a court may consider all the 3553(a) factors in deciding the extent of a reduction.  The former language

referring to the Sentencing Commission Guidelines and policy statements was eliminated precisely because of Booker, because of the Supreme Court's holding that the Guidelines were no longer mandatory.  In light of the stated purpose of the amendment, the Government's suggestion that Booker is irrelevant and inapplicable to a court's consideration of the extent of a Rule 35(b)(1) reduction does not make sense.

Fourth, it is well established that in applying Rule 35(b)(1), courts are to look for guidance to the cases construing § 5K1.1 of the Sentencing Guidelines, which applies to a defendant's efforts to cooperate before he is sentenced.  See United States v. Gangi, 45 F.3d 28, 30 (2d Cir. 1995) ("The only practical difference between Rule 35(b) and U.S.S.G. § 5K1.1 is a matter of timing.").  In determining the extent of a departure under § 5K1.1, the practice, at least in this District, is for the court to consider all the 3553(a) factors, together with the defendant's substantial assistance.  Consideration of a Rule 35(b)(1) reduction should be no different; once such a motion is granted, the court should consider all the 3553(a) factors.

Finally, although the parties have not cited to any decisions in this Circuit that address the issue, the case law from outside the Circuit suggests that a court may consider all 3553(a) factors in deciding the extent of a Rule 35(b) reduction.

Park cites to cases from outside the Second Circuit, post-Booker, where courts considered the 3553(a) factors in granting a Rule 35(b) motion.  See, e.g., United States v. Bell,

No. 1:04-CR-0038, 2007 WL 2068104 (M.D. Pa. July 13, 2007); United States v. McMullan, No. 1:01-CR-26, 2005 WL 2017968 (W.D. Mich. Aug. 22, 2005). These cases, while helpful, do not explicitly address the issue of whether factors other than substantial assistance factors may be considered. These courts simply consider other factors, without discussing the arguably contrary cases cited by the Government here.

      The Government relies on a line of cases that begins with United States v. Chavarria-Herrara, 15 F.3d 1033 (11th Cir. 1994). There, the Eleventh Circuit held that the district court erred by reducing a sentence, pursuant to Rule 35(b), from 200 months to time served (approximately 26 months) based "on factors other than the assistance of the defendant to the government." 15 F.3d at 1037. The circuit court held that a "district court may reduce a sentence under Rule 35(b) 'only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person.'" Id. (quoting United States v. Valle, 929 F.2d 629, 633 n.4 (11th Cir. 1991) (dicta)). Other decisions have upheld a district court's <u>refusal</u> to grant a larger reduction under Rule 35(b) based on factors other than a defendant's substantial assistance. See, e.g., United States v. Manella, 86 F.3d at 204. Based on these cases, the Government argues that a district court may not <u>reduce</u> a defendant's sentence based on factors other than substantial assistance, although a district court may <u>decline</u> to reduce a defendant's sentence based on other factors.

The Government's reliance on these cases is misplaced, at least as to the second step of the analysis, when the court is considering the extent of a reduction. Indeed, the language from the decisions relied on by the Government supports the conclusion that a court may consider 3553(a) factors in deciding the extent of a reduction. In <u>Manella</u>, for example, the court held:

> [T]he district court's decision to grant or deny a Rule 35(b) motion is discretionary. . . . [T]he exercise of that discretion is limited by the requirement that the defendant be rewarded, if at all, only for substantial assistance. . . . But a reading of the rule that requires the district court to consider substantial assistance in isolation from any other factor leaves too little discretion for the court to exercise.
>
> . . . The district court's consideration of [other] factors was based on 18 U.S.C. § 3553, which lists factors that the court is required to consider when imposing a sentence. <u>Rule 35(b) does not prohibit the consideration of these factors in deciding to what extent a defendant's sentence should be reduced for substantial assistance.</u>

86 F.3d at 204-05 (footnotes omitted; emphasis added); <u>accord</u> <u>United States v. Neary</u>, 183 F.3d 1196, 1198 (10th Cir. 1999) (holding that district court may consider factors other than substantial assistance "in determining the size of a Rule 35(b) sentence reduction").[2]

---

[2] There is also a line of cases addressing whether a court may consider factors other than substantial assistance when deciding whether to reduce a sentence below a statutory mandatory minimum pursuant to 18 U.S.C. § 3553(e). <u>See, e.g.</u>, <u>United States v. Crayton</u>, No. 07-2862, 2008 WL 162823 (7th Cir. Jan. 18, 2008) (citing cases). Park and the Government agree that these cases are inapplicable, as no mandatory minimum is implicated here.

The Government's suggestion that a district court may consider § 3553(a) factors when they militate <u>against</u> a larger reduction but not when they <u>favor</u> a larger reduction is not logical.  In any event, to the extent the Government can glean such a holding from these cases, the cases are nonetheless distinguishable, for they relied on an earlier version of Rule 35(b) that contained significantly different language.  The version of Rule 35(b) at issue in <u>Manella</u> and <u>Chavarria-Herrara</u> provided as follows:

> The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence <u>to reflect</u> a defendant's subsequent, substantial assistance . . . .

<u>Manella</u>, 86 F.3d at 203 (quoting Rule 35(b)) (emphasis added); <u>Chavarria-Herrara</u>, 15 F.3d at 1035 (quoting Rule 35(b)).  This language could be read to mean that any reduction could be based only on a defendant's substantial assistance, as under this language a sentence could be reduced only "<u>to reflect</u> a defendant's subsequent, substantial assistance."  (Emphasis added).  The words "to reflect," however, were eliminated, and the current language reads that "the court may reduce a sentence <u>if</u> the defendant, after sentencing, provided substantial assistance."  Fed. R. Crim P. 35(b)(1) (emphasis added).[3]  The

---

[3]  This change was implemented by amendments to Rule 35 effective December 1, 2002.  The advisory committee notes do not specifically address the purpose of this change in language; the principal substantive change was to allow Rule 35(b) motions to be made, under certain circumstances, more than a year after sentencing.  Fed. R. Crim. P. 35 advisory committee notes (2002 amendments).

current language provides that the substantial assistance triggers the court's ability to reduce a sentence, but it does not limit the factors that a court may consider in deciding the extent of the reduction.

**CONCLUSION**

For the foregoing reasons, I conclude that in granting a Rule 35(b) motion, a district court may consider only a defendant's efforts to assist the Government, but once the court determines that the defendant has provided substantial assistance, the court may consider other factors as well -- including all the 3553(a) factors -- in deciding the extent to which the defendant's sentence will be reduced.

SO ORDERED.

Dated: New York, New York
February 11, 2008

DENNY CHIN
United States District Judge